# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN PARADA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FELIPE MARTINEZ, JR.,<br>Warden,<br><br>　　　　Respondent. | Case No. CV 19-4405 JAK (MRW)<br><br>**ORDER DISMISSING ACTION** |

The Court dismisses this habeas action for lack of jurisdiction.

* * *

1.　Petitioner is an inmate at the federal prison facility at Lompoc, California. He filed a habeas petition in this Court under 28 U.S.C. § 2241 regarding his 2006 federal drug trafficking conviction and sentence in federal court in the District of Kansas.

2.　Although not entirely clear from the petition (or the supplemental statements that Judge Wilner ordered Petitioner to provide (Docket # 1, 6, 8)), Petitioner appears to contend that: (a) he was originally

sentenced based on the improper use of a juvenile conviction and (b) the Bureau of Prisons has misclassified his status within the federal prison system based on that conviction. (Docket # 9.) Petitioner purports to bring this habeas action now based on his alleged recent "discovery" of the presentence report from his 2006 case. (Docket # 1 at 4.)

3. This is Petitioner's <u>fourth</u> habeas action in this district.[1] As recounted in the Court's previous orders, Petitioner has also challenged his conviction and sentence in post-conviction proceedings in the District of Kansas and the Tenth Circuit Court of Appeals on numerous occasions.

4. Of note, the Tenth Circuit has "denied three separate motions for authorization to file a second or successive § 2255 motion" after his initial motion. <u>United States v. Parada</u>, 2017 WL 2225228 (D. Kan. 2017) (dismissing additional habeas petition as successive).

5. The government moved to dismiss the action on several grounds. (Docket # 10.) The government argues that Petitioner's action is a disguised Section 2255 motion that Petitioner improperly filed in this district rather than in the District of Kansas. The government contends that the action is successive, and filed without permission from a federal appellate court. Finally, the government asserts that Petitioner's claim regarding his prison-based classification is not cognizable in federal court.

6. Petitioner's opposition brief focused on the alleged errors in his prison classification score, but provided little additional insight into his claims or to refute the government's arguments. (Docket # 12.)

\* \* \*

7. If it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief," the Court may summarily dismiss a habeas petition. Local Rule 72-3.2; <u>see also</u>

---

[1] Nos. CV 12-642, 17-6033, and 18-326 JAK (MRW) (C.D. Cal.).

2

Rules 1 and 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief; rule applicable to any type of habeas action); Green v. Fox, No. CV 15-5420 DMG (GJS), 2015 WL 4932822 at *2 (C.D. Cal. 2015) (summary dismissal of improper § 2255 petition).

8. Federal prisoners have two statutory paths by which they may seek a writ of habeas corpus. "As a general rule," federal inmates may collaterally attack their conviction and sentence only under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011).

9. However, a federal prisoner may also seek a writ under 28 U.S.C. § 2241. That statute permits a prisoner to pursue habeas relief where a favorable result (such as the reversal of a disciplinary action and the loss of good time credits) will shorten the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003); Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (habeas jurisdiction exists only where success on prisoner's claims would "lead to his immediate or earlier release from confinement").

10. As with his previous actions in this district, Petitioner's habeas claims challenging his original criminal sentence may only be brought under Section 2255 in the district of conviction. Petitioner has had ample opportunity to bring those challenges. He is not entitled to further attack his Kansas conviction in this California district court.[2]

11. Petitioner's contention that he now has access to his presentence report for the first time since his sentencing – the stated basis

---

[2] In his earlier cases, the Court explained why Petitioner is not entitled to "escape hatch" consideration of his claim under Section 2241. That analysis need not be repeated here. It is sufficient to note that Petitioner's latest claim does not include a newly asserted claim of actual innocence to the crime for which he was convicted, which prevents him from converting his claim via the "escape hatch." Alaimalo, 645 F.3d at 1046.

3

for his current action – further undermines his claim in this district. Section 2255(h) limits a federal prisoner to one post-appeal proceeding. However, as Judge Wilner noted in the original screening order (Docket # 4 at 1), "newly discovered" facts or evidence may provide a basis for an appellate court to authorize a successive motion under Section 2255(h)(1).

12. Yet, Petitioner's submissions make clear that he neither sought nor obtained authorization from the Tenth Circuit Court of Appeals to pursue a successive action based on this new information. As a result, this Court does not have jurisdiction over Petitioner's current, successive claim.

13. Moreover, no aspect of Petitioner's claim against his local custodians can plausibly shorten his time in prison (save for, effectively, resentencing him on his original offense). Ramirez, 334 F.3d at 858. His claim under Section 2241 cannot lead to relief.

14. Additionally, the Court cannot adjudicate Petitioner's contention that the BOP has misclassified him for prison housing or program purposes. A challenge to "the conditions of his confinement rather than the legality of his confinement [ ] is not cognizable on habeas corpus review." Bazemore v. Entzel, No. ED CV 17-667 MWF (SP), 2018 WL 3617882 at *3 (C.D. Cal. 2018) (dismissing claim that inmate's "custody classification is incorrect"); Franklin v. Gipson, No. CV 12-7411 R (PLA), 2013 WL 1339545 (C.D. Cal. 2013) (same); Lerna v. Gutierrez, No. CV 11-7996 PSG (VBK), 2012 WL 1320145 at *3 (C.D. Cal. 2012) (prisoner improperly using Section 2241 to attack "his individualized BOP inmate custodial classification score"; such clams are "not cognizable").

15. Petitioner may potentially have recourse to a civil remedy against the prison or its staff based on his alleged misclassification. However, the Court declines to exercise its authority to convert this

petition into a civil rights complaint. <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971) (superceded by statute on other grounds). The petition is too vague in identifying any culpable tortfeasor, does not adequately set forth all elements of any civil claim, and may not have been properly exhausted through administrative processes. Moreover, Petitioner would be liable for a considerably higher filing fee should the Court automatically convert the petition to a civil complaint.

Therefore, the present action is hereby DISMISSED without prejudice due to lack of jurisdiction.

IT IS SO ORDERED.

Dated: September 24, 2019

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE